W. L. GOLDSMITH, comptroller general, plaintiff in error, *vs.* MORGAN KEMP, administrator, *et al.*, defendants in error.

Money raised by the sheriff, under an execution issued by the comptroller general against a delinquent tax collector, cannot be diverted, by judicial interference, from the payment of such execution. The sheriff cannot be required by rule to pay the money to the plaintiff in a judgment older than the comptroller's process. His duty is to remit to the comptroller without delay.

Taxes. Money Rule. Judicial Interference. Before Judge CRAWFORD. Marion Superior Court. April Term, 1876.

Kemp, as administrator, ruled the sheriff, requiring him to show cause why he should not pay over certain money in his hands to an execution in his (Kemp's) favor, against Henry N. Hamilton. The sheriff answered as follows:

Had placed in his hands an execution in favor of petitioner, against Hamilton, dated September 8th, 1866; he did not make the money because there was no property upon which to levy the same except such as had been set apart as a homestead. He did levy an execution issued on September 17th, 1873, by the comptroller general, against Hamilton, former tax collector, principal, and the securities on his bond, upon the property described in the rule *nisi*. It was sold for $111.00. On the day of sale Tillman & Clements placed in his hands an execution in their favor against Hamilton, issued from the October term, 1870, of Marion superior court. All of these executions are now before the court, and respondent asks its direction as to which is entitled to the fund.

The court ordered it paid to Kemp, and the comptroller general excepted.

B. B. HINTON & SON, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

That the state may be secure of its revenue, and realize the same with that promptitude which the exigencies of government make indispensable, money raised from tax collectors by a sale of their property under execution duly issued from the executive department, should be paid over at once, and not be arrested in the hands of the sheriff, and held up until a course of litigation can be gone through with to ascertain whether some citizen has a lien upon it superior to that of the state. This sort of judicial interference would be as mischievous as any other. The sheriff is not ordered by the statute to make return or report of his collections to any court, but to remit them to the comptroller general. Let him do it. Code, sections 884, 912.

Judgment reversed.